**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brian Grant HARRIS, Defendant–**
**Appellant.**

No. 93–2064.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1993.

Decided Dec. 6, 1993.

Rehearing and Suggestion for Rehearing
En Banc Denied Jan. 18, 1994.

Timothy McCarthy II, Des Moines, IA, argued, for defendant-appellant.

Cliff Wendel, Asst. U.S. Atty., Des Moines, IA, argued, for plaintiff-appellee.

Before RICHARD S. ARNOLD, Chief Judge, CAMPBELL,* Senior Circuit Judge, and LOKEN, Circuit Judge.

---

* The HONORABLE LEVIN H. CAMPBELL, Senior United States Circuit Judge for the First Circuit, sitting by designation.

PER CURIAM.

Brian Grant Harris pleaded guilty to conspiracy to distribute methamphetamine and to one count of tax evasion. He was then tried and convicted of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Harris appeals the firearm conviction, arguing that the district court[1] erred in denying his motion for acquittal. We affirm.

At trial, Iowa narcotics agent Michael Mittan testified that he had assisted in executing a search warrant at Harris's trailer home in Stuart, Iowa. During this search, officers found a .44 Magnum handgun, a .223 Ruger rifle, 20–gauge and 12–gauge shotguns, considerable ammunition, and a "stash can" in a large gun safe in the bedroom area. They also found a digital scale, plastic sandwich bags, scattered minute particles of methamphetamine, and a .22 caliber rifle in Harris's detached garage.

A number of Harris's drug customers and confederates testified to numerous purchases of methamphetamine in the master bedroom at his trailer home. They recalled seeing the large gun safe in the next room, a spare bedroom that Harris used as a weight room. These witnesses knew Harris kept methamphetamine and large sums of cash in a Tupperware container in the gun safe. They knew that Harris was a hunter and target shooter, and they often saw a 9–millimeter handgun on a kitchen shelf, on the kitchen counter, or under the couch. However, no witness ever saw a firearm in the master bedroom, where the drug sales occurred, or observed Harris using or carrying a firearm at the time of a methamphetamine transaction. Harris's mother testified for the defense that he is an avid hunter and target shooter who has used and owned firearms for sporting purposes since he was twelve years old.

In *United States v. LaGuardia*, 774 F.2d 317, 321 (8th Cir.1985), we affirmed a § 924(c) conviction based upon firearms discovered at the defendant's residence because "[t]he weapons had undoubted utility in the protection of the valuable [drugs] and of the cash on hand." We have repeatedly affirmed § 924(c) convictions involving firearms discovered at a drug dealer's residence. *See, e.g., United States v. Jones*, 990 F.2d 1047, 1048–50 (8th Cir.1993); *United States v. Gutierrez–Silva*, 983 F.2d 123 (8th Cir.1993); *United States v. Sykes*, 977 F.2d 1242, 1247–48 (8th Cir.1992); *United States v. Bennett*, 956 F.2d 1476, 1482–83 (8th Cir.1992); *United States v. Townley*, 929 F.2d 365, 368–69 (8th Cir.1991). Harris argues that the principles applied in these cases result in the "automatic" conviction of any drug dealer found with firearms at his residence. We disagree. The government still must prove to the jury's satisfaction that there was a " 'sufficient nexus' between the gun and the drug trafficking crime." *United States v. Watson*, 953 F.2d 406, 409 (8th Cir.1992).

Viewing the evidence in the light most favorable to the government, as we must, we conclude that Harris's § 924(c) conviction must likewise be affirmed. The jury rejected Harris's defense that he used the firearms solely for hunting and target shooting. It found that he used the weapons at least in part to aid in committing the drug trafficking crime to which he had pleaded guilty. We agree with the district court that the evidence was sufficient to support this finding—in particular, the evidence that Harris's drug customers knew he stored methamphetamine and large sums of cash in his gun safe.

The judgment of the district court is affirmed.

1. The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa.