_____

No. 96-1566
_____

Robert Rydell Williams,       *
                              *
    Plaintiff-Appellant,    *
                              *  Appeal from the United States
    v.                      *  District Court for the
                              *  District of Minnesota.
United States of America,    *
                              *
    Defendant-Appellee.     *

_____

Submitted: July 26, 1996

Filed: October 22, 1996
_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

Federal inmate Robert Rydell Williams appeals the denial of his 28 U.S.C. § 2255 motion for post-conviction relief. Williams argues that his 1988 conviction for violating 18 U.S.C. § 924(c)(1) must be set aside because jury instructions on the statutory phrase "uses . . . a firearm" were contrary to Bailey v. United States, 116 S. Ct. 501 (1995). The district court[1] concluded that Williams cannot establish "actual prejudice," as United States v. Frady, 456 U.S. 152, 170 (1982), requires. We agree and therefore affirm.

A defendant violates § 924(c)(1) if "during and in relation to any . . . drug trafficking crime . . . [he] uses or carries a firearm." In Bailey, the Supreme Court held that a conviction for

_____

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

"use" of a firearm "requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."  "Active employment" includes "brandishing, displaying, bartering, striking with . . . firing or attempting to fire, a firearm."  However, "[a] defendant cannot be charged under 924(c)(1) merely for storing a weapon near drugs or drug proceeds."  116 S. Ct. at 505-08.  Bailey overruled our prior decisions affirming § 924(c)(1) convictions of defendants who merely stored firearms at their residences to protect drugs or proceeds.  See, e.g., United States v. Harris, 10 F.3d 596, 597 (8th Cir. 1993), and cases cited.

Williams's indictment charged him with two drug trafficking crimes and a § 924(c)(1) violation -- that he "did knowingly and unlawfully use and carry a firearm, namely, a Smith & Wesson .38 caliber revolver . . . during and in relation to a drug trafficking crime, namely, the knowing and intentional possession with intent to distribute of approximately ten grams of cocaine base."  A jury convicted Williams on all three counts, and we affirmed.  United States v. Williams, 895 F.2d 1202 (8th Cir. 1990).  Williams subsequently filed two unsuccessful § 2255 motions for post-conviction relief, one of which challenged the evidentiary sufficiency of his § 924(c)(1) conviction.

Williams's trial was conducted on the assumption that our pre-Bailey cases were the governing law of this circuit.  Therefore, Williams did not object to the district court's jury instruction defining "use" of a firearm under § 924(c)(1).  In other words, the jury instruction issue he now raises is procedurally defaulted.[2]

---

[2]This § 2255 motion is also both successive and abusive under McCleskey v. Zant, 499 U.S. 467 (1991), but the government does not contend that this affects our standard of review.  Likewise, we do not consider whether Williams's claim is even cognizable under § 2255 because the government has not raised the issue.  See Anderson v. United States, 25 F.3d 704 (8th Cir. 1994).

To obtain post-conviction relief for an erroneous jury instruction to which no contemporaneous objection was made, Williams must show cause excusing his procedural default and "actual prejudice" resulting from the alleged error. Frady, 456 U.S. at 168. The actual prejudice standard is more rigorous than the showing required to establish plain error on direct appeal. 456 U.S. at 166, quoting Henderson v. Kibbe, 431 U.S. 145, 154 (1977); see Dalton v. United States, 862 F.2d 1307, 1309 (8th Cir. 1988). To establish such prejudice, Williams must show that an erroneous jury instruction "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." 456 U.S. at 170 (emphasis in original). We conclude that he has failed to do so for the following reasons.

First, it is not clear to us that the district court's instruction on "use" of a firearm was plain error under Bailey. The court instructed the jury:

> Two essential elements are required to be proved in order to establish an offense of using a firearm in relation to a drug trafficking crime. They are as follows: First, that the defendant committed a drug trafficking crime for which he might be prosecuted in the United States Court; and second, that during the commission of the drug trafficking crime the defendant used a firearm.
>
> *   *   *   *   *
>
> The defendant is considered to have used a firearm if its presence in his possession in any manner facilitated carrying out the drug trafficking crime. It is not necessary that the firearm be fired in order that it may be considered as having been used.

The word "facilitated" in this instruction is more passive than the words used in Bailey to describe the concept of "active employment" -- brandishing, displaying, bartering, striking with, firing. But the instruction is far more consistent with Bailey than the instruction that caused us to reverse for plain error in

<u>United States v. Webster</u>, 84 F.3d 1056, 1066 (8th Cir. 1996). An instructional error must be of "constitutional dimensions" to warrant post-conviction relief under <u>Frady</u>. That requires a showing that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely [that] the instruction is undesirable, erroneous, or even universally condemned." <u>Henderson</u>, 431 U.S. at 154, quoting <u>Cupp v. Naughten</u>, 414 U.S. 141, 146-47 (1973). While we would not recommend using this instruction in a post-<u>Bailey</u> case, it provides a very flimsy basis for post-conviction relief under <u>Frady</u>.

Second, to establish actual prejudice from an instruction error, <u>Frady</u> requires that Williams show a "substantial likelihood" that a properly instructed jury would have acquitted him of violating § 924(c)(1). 456 U.S. at 172. At trial, consistent with Williams's indictment, the district court instructed the jury, "[i]t is sufficient if the United States proves either that firearms were used or carried. Both do not have to be proved." Thus, in considering prejudice under <u>Frady</u>, we must consider whether the evidence was sufficient to convict Williams of a "carry" violation. Williams argues that we should not assume the jury found a "carry" violation because the instructions devoted more attention to defining "use." But the instructions, fairly read, explicitly and properly gave the jury the option of finding a "carry" violation, so that option is part of the <u>Frady</u> analysis.

Briefly summarized, the trial evidence was that, in January 1988, police raided a fortified Minneapolis crack house by driving a front-end loader through an exterior wall and into the first floor apartment where Williams resided. In that apartment, they found personal items belonging to Williams, drug paraphernalia, an unloaded .38 caliber revolver under the couch, and four .38 caliber bullets near the revolver. Williams was arrested after he broke a basement window, bent back the bars over that window, and attempted to escape. Police later found forty "chunks" of crack cocaine and

-4-

$1290 in the basement apartment from which Williams had fled. His two conspirators were arrested in the building eight days later after resuming sales of crack cocaine.

"[T]o sustain a conviction for `carrying' a firearm in violation of § 924(c)(1), the government must prove that [the accused] bore the firearm on or about his person during and in relation to a drug trafficking offense." United States v. White, 81 F.3d 80, 83 (8th Cir. 1996). As the facts in White make clear, a person who throws a gun down and flees the scene of a drug trafficking crime may be convicted of a "carry" violation. Here, the government presented evidence that Williams fled the scene of on-going crack cocaine distribution, leaving a firearm and bullets scattered in his apartment. We agree with the district court that this evidence was sufficient to convict Williams of a § 924(c)(1) "carry" violation. See United States v. Willis, 89 F.3d 1371, 1378-79 (8th Cir.), cert. denied, 65 U.S.L.W. 3265 (U.S. Oct. 7, 1996). Thus, Williams cannot prove actual prejudice under Frady.[3]

The district court order dated February 20, 1996, is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]We do not reach the question whether this evidence would also support a § 924(c)(1) "use" conviction. Unlike this case, Bailey did not involve a drug conspiracy. But Williams's indictment did not charge him with using the firearm during and in relation to his conspiracy offense. Had it done so, we would face the question whether Bailey leaves intact prior decisions such as United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990), in which we affirmed a § 924(c)(1) "use" conviction because participants in a drug trafficking conspiracy regularly displayed guns to intimidate purchasers at a drug house.