_____

No. 96-1825
_____

United States of America,       *
                                   *
         Appellee,      *
                                   *  Appeal from the United States
     v.                  *  District Court for the
                                   *  Eastern District of Arkansas.
Gary Lavergis Rodger,       *
                                   *       [PUBLISHED]
         Appellant.     *

_____

Submitted:  October 4, 1996

Filed:  November 12, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.

In 1986, Gary Lavergis Rodger and his brother were convicted of armed bank robbery, conspiring to commit bank robbery, and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(d), 371, and 924(c)(1) (1982 & Supp. III 1985). The District Court[1] sentenced Rodger to a total of fifteen years in prison. On direct appeal, we affirmed, rejecting Rodger's arguments that the District Court erred in denying his motion for severance and in refusing to give a limiting instruction to guard against the prejudice of a joint trial. United States v. Rodger, No. 86-1812 (8th Cir. Feb. 24, 1987) (unpublished per curiam), cert. denied, 484 U.S. 868 (1987).

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

In January 1996, Rodger filed this 28 U.S.C. § 2255 (1994) motion, arguing that his section 924(c)(1) conviction should be set aside, because he did not "use" a firearm as defined in <u>Bailey v. United States</u>, 116 S. Ct. 501, 507-09 (1995). The District Court denied relief, concluding that the evidence was more than sufficient to convict Rodger under the "carry" prong of section 924(c)(1) and under established principles of coconspirator liability. On appeal, Rodger argues for the first time that the jury instructions on the statutory phrase "carries a firearm" and on coconspirator liability were improper. We affirm.

Rodger did not object to the District Court's jury instructions concerning either section 924(c)(1) or coconspirator liability, and he did not challenge on direct appeal the sufficiency of the evidence for his section 924(c)(1) conviction. Thus, Rodger procedurally defaulted the issues he now raises. To obtain post-conviction relief, Rodger must show cause excusing his procedural default and actual prejudice resulting from the alleged error. <u>See</u> <u>Williams v. United States</u>, No. 96-1566, slip op. at 2-3 (8th Cir. Oct. 22, 1996). We conclude that Rodger failed to establish such prejudice.

Briefly summarized, the trial evidence was that Rodger's brother carried and brandished a firearm during the robbery. There was no evidence that Rodger personally carried a firearm. Rodger testified that he did not know anything about the robbery, but the jury--quite reasonably--found otherwise and convicted Rodger on all counts. We agree with the District Court that this evidence was sufficient to convict Rodger of a section 924(c)(1) "carry" violation under established principles of coconspirator liability.[2]

---

[2]In <u>Pinkerton v. United States</u>, 328 U.S. 640, 647-48 (1946), the Supreme Court held that a conspirator is criminally liable for the substantive offenses committed by another conspirator within the scope and in furtherance of the conspiracy, unless that offense could not reasonably have been foreseen as a necessary or natural consequence of the conspiracy. Before <u>Bailey</u>, we applied this rationale to affirm section 924(c)(1) convictions of individuals who did not personally use or carry firearms. <u>See, e.g.</u>, <u>United States v. Lucas</u>, 932 F.2d 1210, 1219-20 (8th Cir. 1991), <u>cert. denied</u>, 502 U.S. 869, 929, 949, 991, 1100 (1991 & 1992). We

See <u>Bailey</u>, 116 S. Ct. at 507-09 (defining "use" to include brandishing, and preserving "carry" as alternative basis for § 924(c)(1) charge); <u>Williams</u>, No. 96-1566, slip op. at 3-5 (holding § 2255 movant procedurally defaulted argument that jury instruction was erroneous in light of <u>Bailey</u>; no actual prejudice because evidence was sufficient to convict him of § 924(c)(1) "carry" violation).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

believe <u>Bailey</u> does not preclude the continued application of a coconspirator theory of liability to section 924(c)(1) offenses.