## UNITED STATES of America

v.

## Christopher TAYLOR, Defendant.

Crim. Action No. 91–00567 (SS).
Civ. Action No. 96–00893 (SS).

United States District Court,
District of Columbia.

Jan. 7, 1997.

David B. Smith, English & Smith, Alexandria, VA, Santha Sonenberg, Federal Public Defender for D.C., Washington, DC, for defendant.

Kirby D. Behre, Paul, Hastings, Janofsky & Walker, John Michael Facciola, U.S. Attorney's Office, Washington, DC, for U.S.

### MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on defendant's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, and government's opposition thereto. Defendant brings his motion in light of the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) which defines "use," as it appears in 18 U.S.C. § 924(c)(1). Section 924(c)(1) makes it illegal for a person to use or carry a firearm during or in relation to a drug trafficking offense.

### Factual Background

Defendant was tried before a jury on four counts. These included two drug distribution charges and two gun charges—using or carrying a firearm during or in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)(1) and carrying a pistol without a license in violation of D.C.Code § 22–3204.

The government presented evidence to the jury showing that the defendant was approached by police after selling crack cocaine to an undercover officer. Defendant attempted to flee. During the chase, officers saw the defendant pull an object from his waistband and throw it to the ground. The object was recovered and found to be a .44–caliber handgun. Defendant was eventually caught and discovered to be carrying 35 rocks of crack cocaine.

In instructing the jury, the Court stated as follows:

> Now, the defendant is also charged with carrying or using a firearm in relation to a drug trafficking crime. Now, the elements of this offense are as follows: One, the defendant knowingly and intentionally carried or used a firearm. Two, the defendant carried or used the a firearm in relation to a drug trafficking crime....

> For the first element, I've already discussed with you the legal standards for knowledge or intent. I remind you that an act is done knowingly and intentionally if done consciously, voluntarily and purposely, and not because of mistake, inadvertence or accident. In order to have carried or used the firearm, the defendant must have actually or constructively possessed the firearm. I remind you that a person who knowingly has direct physical control over a thing at a given time is deemed to be in actual possession of it.

> The person who, although not in actual possession, knowingly has both power and the intention at a given time to exercise dominion and control over something either directly or through another person or persons is then in constructive possession of it. The Government does not have to show that the defendant actually fired a firearm. The Government does not have to show that the firearm was loaded or operable. What the Government must prove is that the defendant knowingly and intentionally carried or used the firearm. Tr. at 25–26.

The jury returned a verdict of guilty on all four counts. Defendant was sentenced to a period of incarceration of 180 months.[1]

## Analysis

On December 6, 1995, the Supreme Court in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), held that federal courts had been interpreting the meaning of "use" in § 924(c)(1) too broadly. The Supreme Court held that in order for a person to be convicted under the use prong of § 924(c)(1), the government must show "an *active employment* of the firearm by the defendant." *Bailey,* —— U.S. at ——, 116 S.Ct. at 505. The Court concluded, however, that a defendant who did not "actively employ[ ]" a firearm, nevertheless, could be found to have "carried" a firearm. *Id.* at ——, 116 S.Ct. at 509. Accordingly, the Court remanded *Bailey* to the Court of Appeals to determine if the evidence supported a conviction under the "carry" prong. *Id.*

Defendant contends that in applying *Bailey* to the instructions given in this case, it was error for the Court to fail to instruct on the precise meaning of use or carry.[2] The government contends that the Court had no obligation to give further definition to use or carry, as long as it did not give an erroneous definition of those terms.

To obtain post-conviction relief under 28 U.S.C. § 2255 for an erroneous jury instruction to which no contemporaneous objection was made, defendant must show cause excusing his procedural default and "actual prejudice" resulting from the alleged error. *Williams v. United States,* 98 F.3d 1052, 1054 (8th Cir.1996) *citing United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). To establish such prejudice, defendant must show that an erroneous jury instruction "worked to his

---

**1.** Defendant was sentenced to 120 months on count 1, 120 months on count 2, and 12 months on count 4, all to run concurrent and 60 months on count 3 to run consecutive to counts 1 and 2 as required by law. Judgment at 2.

**2.** Defense counsel did not object at trial to the Court's instruction, and indeed, both defense and government counsel at trial stated that they were satisfied with the Court's instruction.

actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.*

As the Government has stated, this case does not involve an erroneous instruction, *per se.* In this case, the court merely gave an instruction that was worded in the terms of the statute. It treated the words "carry" and "use" in their common usage sense. At the trial, both government and defense counsel were satisfied with the instruction. In considering, defendant's motion, therefore, the court must determine whether there were sufficient facts before the jury for it to have found defendant guilty beyond a reasonable doubt on the 924(c) clause. Although it is sufficient for the evidence to support a conviction on just one prong,[3] here the record would support a conviction on both prongs of 924(c). First, the undisputed facts show that the defendant had a pistol concealed in his clothing during a drug transaction. This would certainly meet the *Bailey* standard for "carry." Second, the evidence showed that while fleeing from police, the defendant pulled the gun from his clothing immediately before throwing it to the ground. Viewed in the light most favorable to the government, the jury could have concluded beyond a reasonable doubt that the defendant was "using" the weapon at the moment he pulled it from his waistband. Accordingly, there was sufficient evidence to convict on both prongs and the defendant cannot show "actual prejudice" resulting from the lack of an explicit post-*Bailey* instruction on use and carry.

There is more in this case that requires the verdict to stand. This case is quite analogous to this Circuit's opinion in *United States v. Smart,* 98 F.3d 1379 (D.C.Cir.1996). Like this defendant, the defendant in *Smart* was convicted both under 18 U.S.C. 924(c)(1), of using or carrying a firearm during or in relation to a drug trafficking offense, and under D.C.Code § 22–3204(a), of carrying a pistol without a license. Despite the fact that the trial court in *Smart* gave an instruction on "use" that was erroneous in light of *Bailey,* the Court of Appeals

upheld the defendant's conviction on grounds that a charge of carrying a pistol without a license "necessarily had to include a finding that the appellant 'carried the pistol openly or concealed on or about his person [and] that he carried the pistol knowingly and intentionally'—that means consciously, voluntarily and on purpose, and not by mistake or accident." *Smart,* 98 F.3d at 1393. The Court concluded that because the jury had to have found that the defendant carried the firearm to convict on the D.C.Code violation, it had sufficient grounds to convict on the 924(c)(1) "carry" prong, even if erroneously instructed on the "use" prong. *Id.* Like in *Smart,* in this case it is undisputed that the jury was properly charged on the elements of carrying a pistol without a license. The jury convicted the defendant under D.C.Code § 22–3204(a) and therefore the conviction under 924(c)(1) stands.

There being no grounds to vacate defendant's conviction on count three, defendant's motion is denied. An appropriate order follows this opinion.

**3.** *See Williams, supra* denying post-*Bailey* 2255 motion, despite erroneous instruction on "use," because evidence was sufficient for jury to convict on "carry" prong.