_____

No. 96-2288
_____

Reginald Woodards,                  *
                                    *
            Appellant,              *
                                    * Appeal from the United States
      v.                            * District Court for the
                                    * District of Minnesota.
United States of America,           *
                                    *          [UNPUBLISHED]
            Appellee.               *

_____

        Submitted:  January 15, 1997

          Filed:  January 21, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.


     In 1991, Reginald Woodards and several others were convicted of
conspiring to commit bank robbery in violation of 18 U.S.C. §§ 371, 2113(a)
(1994), aiding and abetting attempted bank robbery in violation of 18
U.S.C. §§ 2, 2113(a) (1994), and aiding and abetting the use or carrying
of a firearm during and in relation to a crime of violence, in violation
of 18 U.S.C. §§ 2, 371, 924(c)(1), and 2113(a) (1994).  The District Court[1]
sentenced Woodards to 183 months' imprisonment, including a consecutive 60-
month term on the firearm count, and we affirmed on direct appeal.  United
States v. Johnson, 962 F.2d 1308, 1311-12, 1315 (8th Cir. 1992), cert.
denied, 506 U.S. 928 (1992) and 507 U.S. 974 (1993).

_____

     [1]The Honorable Diana E. Murphy, then United States District
Judge for the District of Minnesota, now United States Circuit
Judge for the Eighth Circuit.

In January 1996, Woodards filed this 28 U.S.C. § 2255 (1994) motion, claiming that his section 924(c)(1) conviction should be set aside, because he did not "use" a firearm as defined in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), and because section 924(c)(1) is unconstitutionally vague. The District Court[2] denied relief. Woodards appeals, and asserts additional claims of trial error. We affirm.

Woodards procedurally defaulted these claims by not raising them on direct appeal, and he has made no showing of cause and prejudice or of actual innocence. <u>See</u> <u>United States v. Rodger</u>, 100 F.3d 90, 91 (8th Cir. 1996) (per curiam); <u>Williams v. United States</u>, 98 F.3d 1052, 1054 (8th Cir. 1996); <u>Ramey v. United States</u>, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam). We agree with the District Court that the evidence at trial was sufficient to convict Woodards of a "carry" violation under established principles of coconspirator and aiding-and-abetting liability.[3] <u>See</u> <u>Bailey</u>, 116

---

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Ann D. Montgomery, then United States Magistrate Judge for the District of Minnesota, now United States District Judge for the District of Minnesota.

[3]A defendant who did not personally use or carry a firearm may be found guilty of violating section 924(c)(1) under either a coconspirator theory of liability, <u>see</u> <u>Pinkerton v. United States</u>, 328 U.S. 640, 647-48 (1946) (conspirator is criminally liable for substantive offense committed by another conspirator within scope of and in furtherance of conspiracy, unless that offense could not reasonably have been foreseen as necessary or natural consequence of conspiracy), or an aiding-and-abetting theory, <u>see</u> <u>United States v. Delpit</u>, 94 F.3d 1134, 1151 (8th Cir. 1996) (individual may be found guilty of aiding and abetting if, before or at time crime was committed, he knew offense was being committed or was going to be committed; he knowingly acted to encourage, aid, or cause offense; and he intended offense be committed). We recently held that <u>Bailey</u> does not preclude the continued application of a coconspirator theory of liability to section 924(c)(1) offenses. <u>See</u> <u>Rodger</u>, 100 F.3d at 91 n.2. We now conclude that the same holds true for aiding-and-abetting liability. <u>See</u> <u>United States v. Giraldo</u>, 80 F.3d 667, 676 (2d Cir.) (post-<u>Bailey</u> application of aiding-and-abetting theory to § 924(c)(1) offense), <u>cert. denied</u>, 117 S. Ct. 135 (1996).

-2-

S. Ct. at 507-09 (preserving "carry" as alternative basis for § 924(c)(1) charge); <u>Williams</u>, 98 F.3d at 1054-55 (holding § 2255 movant procedurally defaulted argument that § 924(c)(1) conviction was invalid in light of <u>Bailey</u>; no actual prejudice because evidence was sufficient to convict him of § 924(c)(1) "carry" violation). It is undisputed that some of Woodards's codefendants were carrying firearms at the time of their arrest, and the jury found that Woodards knew about and was involved in the armed-bank-robbery scheme. <u>Cf.</u> <u>United States v. Simpson</u>, 979 F.2d 1282, 1285-86 (8th Cir. 1993) (affirming § 924(c)(1) conviction under aiding-and-abetting theory; acts of codefendant in committing armed bank robbery became those of defendant, as aider and abettor, where defendant's conduct in providing transportation and means of concealment was integral to crime).

We need not address the claims Woodards raises for the first time on appeal. <u>See</u> <u>Thomas v. United States</u>, 27 F.3d 321, 325 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.