No. 96-1395

United States of America,       *
                                 *
          Appellee,              *
                                 *  Appeal from the United States
     v.                          *  District Court for the
                                 *  Northern District of Iowa.
Pamela Jane Dodson Bright,       *
                                 *        [UNPUBLISHED]
          Appellant.             *


Submitted:  February 3, 1997

Filed:  February 6, 1997

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

PER CURIAM.


     Pamela Jane Dodson Bright pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846, and using and carrying firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).  She subsequently moved to withdraw her guilty plea as to the firearm count, arguing that, in light of Bailey v. United States, 116 S. Ct. 501, 506 (1995) (defining "use" prong of § 924(c)(1)), she could not be held responsible under a coconspirator theory of liability.  The district court[1] denied her motion and sentenced her to 135 months imprisonment on the drug count, a consecutive 60-month term on the firearm count, five years supervised release, and a $2,000 fine.

_____

     [1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

On appeal, Bright's appointed counsel moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), with the stated issue that the court erred in denying Bright's motion to withdraw her guilty plea. Counsel contends that Bailey implicitly overruled our cases applying a coconspirator theory to section 924(c)(1) offenses. We granted counsel leave to withdraw. Although Bright was granted leave to file a pro se supplemental brief, she did not do so.

Bright's Bailey argument is foreclosed by our recent opinion in United States v. Rodger, 100 F.3d 90, 91 n.2 (8th Cir. 1996) (per curiam) (stating Bailey does not preclude continued application of coconspirator theory to § 924(c)(1) offenses). Furthermore, we conclude there was a sufficient factual basis for a section 924(c)(1) "carry" violation under a coconspirator theory of liability, as Bright admitted it was reasonably foreseeable to her that a coconspirator would carry a firearm. See United States v. Martinez, 958 F.2d 217, 219 (8th Cir. 1992) (affirming § 924(c)(1) conviction where it was reasonably foreseeable that coconspirator might carry firearm in furtherance of conspiracy to sell cocaine).

We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and find no nonfrivolous issues for appeal.

Accordingly, the judgment of the district court is affirmed.

A true copy.

        Attest:


            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.