United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-1625

_____

Dennis L. Barrett,                          *
                                            *
                 Appellant,                 *
                                            *   Appeal from the United States
        v.                                  *   District Court for the
                                            *   Western District of Missouri.
United States of America,                   *
                                            *    [PUBLISHED]
                 Appellee.                   *

_____

Submitted:  July 22, 1997
Filed:  July 29, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Dennis L. Barrett appeals from the district court's[1] denial of his motion under 28 U.S.C. § 2255.  We affirm.

In 1992, Dennis Barrett pleaded guilty to a number of offenses, including aiding and abetting the use and carrying of a firearm in relation to drug offenses, in violation of 18 U.S.C. §§ 924(c) and 2.  The district court imposed a 60-month prison sentence

_____

[1]The Honorable Russell G. Clark, Jr., United States District Judge for the Western District of Missouri.

on the weapon charge, consecutive to the prison sentence he received on other charges, and three years supervised release. Barrett did not file a direct appeal. Barrett later filed this section 2255 motion, arguing that, in light of Bailey v. United States, 116 S. Ct. 501 (1995), his firearm conviction should be vacated.

We note initially that Barrett may have waived and procedurally defaulted this claim by pleading guilty and not appealing. See Bousley v. Brooks, 97 F.3d 284, 287 (8th Cir. 1996), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Mar. 18, 1997) (No. 96-8516). The district court reached the merits, however, and we agree with the court that the claim is meritless. See Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993) (per curiam).

The record shows Michael Gilstrap, Barrett's codefendant, was carrying a firearm in the waistband of his pants at the time he sold drugs to an undercover agent. See Bailey, 116 S. Ct. at 507-09 (preserving "carrying" as alternative basis for § 924(c)(1) charge); United States v. White, 81 F.3d 80, 83 (8th Cir. 1996) ("carry" means to bear firearm on or about one's person). Barrett admitted at his guilty-plea hearing that he gave Gilstrap the revolver intending for Gilstrap to take it with him while distributing cocaine Barrett had given to Gilstrap. See United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992) (where another person robbed bank using firearm, and defendant provided transportation and means of concealment and knew other person planned to use gun in committing robbery, robber's gun became defendant's in eyes of law), cert. denied, 507 U.S. 943 (1993).

We disagree with Barrett that a defendant may not be found guilty of a section 924(c)(1) offense as an aider and abettor. We have recognized that a defendant who did not personally use or carry a firearm may be found guilty of violating section 924(c)(1) under an aiding-and-abetting theory, see id. at 1285-86, and have recently held that Bailey does not preclude the continued application of a coconspirator theory of liability to section 924(c)(1) offenses, see United States v. Rodger, 100 F.3d 90, 91

n.2 (8th Cir. 1996) (per curiam), <u>petition for cert. filed</u>, __U.S.L.W.__ (U.S. June 23, 1997) (No. 96-9502). We conclude the same holds true for aiding-and-abetting liability. <u>See</u> <u>United States v. Giraldo</u>, 80 F.3d 667, 676-77 (2d Cir.), <u>cert. denied</u>, 117 S.Ct. 135 (1996).

Barrett nonetheless insists he was not convicted as an aider and abettor. We disagree. Although his written judgment does not recite 18 U.S.C. § 2--the aiding-and-abetting statute--Barrett acknowledged at his plea hearing that he was pleading guilty to aiding and abetting the section 924(c)(1) offense, as alleged in the indictment, and the district court accepted his plea and stated that judgment would be entered accordingly. <u>Cf.</u> <u>United States v. Tramp</u>, 30 F.3d 1035, 1037 (8th Cir. 1994) (oral pronouncement by sentencing court is judgment of court); <u>United States v. Glass</u>, 720 F.2d 21, 22 n.2 (8th Cir. 1983) (when oral sentence and written judgment conflict, oral sentence controls). Finally, we reject Barrett's argument that his guilty plea was not knowing and voluntary. <u>See</u> <u>Walker v. United States</u>, No. 96-2086, 1997 WL 298449 (8th Cir. June 6, 1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-