United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3056
_____

| | |
|---|---|
| Juan Torres Velasquez, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| | * |
| United States of America, | * |
| | * **[TO BE PUBLISHED]** |
| Defendant - Appellee. | * |

_____

Submitted: October 22, 1997
Filed: December 19, 1997

_____

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

In April 1993, Juan Torres Velasquez was convicted of drug trafficking offenses and of violating 18 U.S.C. § 924(c)(1) by using or carrying a firearm during and in relation to those offenses. At trial, Velasquez did not object to a jury instruction defining "use" of a firearm contrary to the Supreme Court's later decision in Bailey v. United States, 116 S. Ct. 501 (1995). On direct appeal, we rejected Velasquez's contention that the evidence was insufficient to convict him of the § 924(c)(1) offense. See United States v. Quintanilla, 25 F.3d 694, 700 (8th Cir.), cert. denied sub nom. Velasquez v. United States, 115 S. Ct. 457 (1994).

Velasquez filed this petition for relief under 28 U.S.C. § 2255, contending he is entitled to a new trial on the § 924(c)(1) count because the jury instruction was plain error under Bailey. The district court[1] denied relief, holding that the evidence at trial was sufficient for the jury to find Velasquez guilty of carrying the firearm during and in relation to his drug trafficking crimes. Velasquez appealed, and we granted a certificate of appealability.[2]

Our recent decision in Williams v. United States, 98 F.3d 1052 (8th Cir. 1996), confirms that the district court correctly decided this issue. Velasquez seeks post-conviction relief on an instruction issue that he procedurally defaulted at trial and on direct appeal. As we explained in Williams, 98 F.3d at 1054:

> To obtain post-conviction relief for an erroneous jury instruction to which no contemporaneous objection was made, Williams must show cause excusing his procedural default and "actual prejudice" resulting from the alleged error. [United States v.] Frady, 456 U.S. [152,] 168 [1982]. The actual prejudice standard is more rigorous than the showing required to establish plain error on direct appeal. To establish such prejudice, Williams must show that an erroneous jury instruction "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." 456 U.S. at 170.

---

[1]The HONORABLE PAUL A. MAGNUSON, Chief Judge of the United States District Court for the District of Minnesota.

[2]We granted the certificate before a divided panel held that this is a federal statutory claim for which a certificate may not issue under 28 U.S.C. § 2253(c)(2). Hohn v. United States, 99 F.3d 892 (8th Cir. 1996); accord United States v. Apker, 101 F.3d 75 (8th Cir. 1996). The Supreme Court recently cast doubt on these rulings by its limited grant of certiorari in Hohn v. United States, No. 96-8986, 1997 WL 275953, 66 U.S.L.W. 3314 (U.S. Nov. 4, 1997). We assume for purposes of a prompt disposition of this appeal that the certificate of appealability was properly granted.

Like the petitioner in <u>Williams</u>, Velasquez cannot meet this rigorous standard because the evidence at trial was sufficient to convict him of "carrying" the firearm, and therefore he cannot make the requisite showing of a "'substantial likelihood' that a properly instructed jury would have acquitted him of violating § 924(c)(1)." <u>Williams</u>, 98 F.3d at 1055, quoting <u>Frady</u>, 456 U.S. at 172. The evidence at trial showed that Velasquez negotiated with a cooperating informant to sell a large quantity of marijuana at his residence, and police then obtained a warrant to search the residence. In executing the warrant, the officers found ninety-one pounds of marijuana packaged for distribution and a firearm in or on the living room sofa. Velasquez admitted that he threw the gun on the sofa when he heard police approaching. We agree with the district court that this evidence was more than sufficient to convict Velasquez of carrying the weapon during and in relation to his drug trafficking crimes. <u>See</u> <u>United States v. White</u>, 81 F.3d 80, 83 (8th Cir. 1996).

The order denying Velasquez's petition for § 2255 relief is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-