# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2990

_____

| | | |
|---|---|---|
| Mark Edward Swedzinski, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 22, 1998
Filed: November 17, 1998

_____

Before BOWMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and MURPHY,
Circuit Judges.

_____

BOWMAN, Chief Judge.

Mark Edward Swedzinski appeals the District Court's[1] denial of his 28 U.S.C.
§ 2255 motion for post-conviction relief. He argues that his conviction for violating 18
U.S.C. § 924(c) should be vacated because the jury instructions defining "use" of a
firearm were contrary to the Supreme Court's decision in <u>Bailey v. United States</u>, 516
U.S. 137 (1995). We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of
Minnesota.

# I.

On September 20, 1991, agents of the Minnesota Bureau of Criminal Apprehension located a plot of cultivated marijuana in Lincoln County, Minnesota. During surveillance of the area on September 23, 1991, the agents observed Swedzinski enter the plot and inspect the marijuana plants. The agents then arrested Swedzinski, who was wearing a loaded .22-caliber handgun in a holster and was carrying a roll of barbed wire and a sickle blade. The agents discovered that the plot contained 178 cultivated marijuana plants and was extensively booby-trapped with camouflaged pitchfork heads, sickle blades, and barbed wire. While searching Swedzinski's truck, agents found a plant food container, a book entitled "Bio Science," two firearms, and a bow and arrows. At Swedzinski's home, agents found 26 small marijuana plants, fluorescent lights on timers, a book entitled "Marijuana Growers Guide," a small scale, and two firearms.

A jury found Swedzinski guilty on charges of aiding and abetting in the manufacture of marijuana and conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994), and of using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (1994). A co-defendant, Neil Coyle, also was convicted on the drug charges. Swedzinski was sentenced to 63 months of imprisonment on the drug counts and 60 months of imprisonment on the firearm count, to be served consecutively. On direct appeal, this Court affirmed the convictions of both of the defendants. See United States v. Coyle, 988 F.2d 831, 833-34 (8th Cir. 1993), cert. denied, 510 U.S. 1095 (1994). In Swedzinski's § 2255 motion, he now collaterally attacks his firearm conviction, using the Supreme Court's intervening decision in Bailey v. United States, 516 U.S. 137 (1995), as the basis for his attack. The District Court denied the motion, reasoning that Swedzinski had defaulted his Bailey claim by failing to raise it on direct appeal and that, in any event, the jury had been instructed on both "use" and "carry" and

Swedzinski clearly had carried the firearm during and in relation to a drug trafficking offense.

## II.

This Court reviews de novo the District Court's denial of Swedzinski's § 2255 motion for post-conviction relief. See Bradshaw v. United States, 153 F.3d 704, 706 (8th Cir. 1998).

Swedzinski argues his conviction should be vacated because the District Court's jury instructions defining "use" of a firearm were contrary to Bailey. The jury instructions were consistent with Eighth Circuit law at the time of trial and direct appeal, but were inconsistent with the Supreme Court's subsequent opinion in Bailey. The Supreme Court held that "use" in 18 U.S.C. § 924(c)(1) requires an active employment of the firearm; mere possession is insufficient. See Bailey, 516 U.S. at 143. Active employment would include "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm." Id. at 148. In the present case, the jury instructions on the firearm charge provided as follows:

> Two essential elements are required to be proved in order to establish the offense charged in Count II of the Indictment, as follows:
>
> First: That defendant Mark Swedzinski committed a drug trafficking crime for which he might be prosecuted in a United States court; and
>
> Second: That during and in relation to the drug trafficking crime, defendant Mark Swedzinski used or carried a firearm.
>
> . . . .
>
> The firearms count charges that the defendant Mark Swedzinski used and carried a firearm during and in relation to a drug trafficking crime. The

-3-

United States must prove either that a firearm was used or carried; both do not have to be proved.

The phrase "uses or carries a firearm" means having a firearm available to assist or aid in the commission of the crime alleged in Count I of the Indictment.

In determining whether defendant Mark Swedzinski used or carried a firearm during and in relation to a drug trafficking crime, you may consider all of the factors received in evidence in the case including the nature of the underlying crime of drug trafficking alleged, the proximity of defendant Mark Swedzinski to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.

The government is not required to show that defendant Mark Swedzinski actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearm was in defendant Mark Swedzinski's possession or under defendant Mark Swedzinski's control at the time that the drug trafficking crime was committed.

At trial and on direct appeal, Swedzinski objected to the jury instructions regarding the firearm charge only on the ground that the District Court should have added language on "specific intent" or "intent." See Coyle, 988 F.2d at 833-34 (upholding the jury instructions because a specific instruction on intent is not required). On direct appeal, Swedzinski did not challenge the jury instructions on Bailey grounds nor did he argue there was insufficient evidence to convict him on the firearm charge. The Bailey challenge was raised for the first time in his §2255 motion. Because Swedzinski did not raise the Bailey claim at trial or on direct appeal, the issue is procedurally defaulted. See United States v. Valasquez, 131 F.3d 766, 767 (8th Cir. 1997); United States v. Rodger, 100 F.3d 90, 91 (8th Cir. 1996), cert. denied, 118 S. Ct. 145 (1997); Williams v. United States, 98 F.3d 1052, 1054 (8th Cir. 1996), cert. denied, 117 S. Ct. 1327 (1997).

In order to obtain collateral review of a procedurally defaulted issue, Swedzinski must show cause excusing his procedural default and actual prejudice resulting from the alleged error. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Williams, 98 F.3d at 1054. The government concedes that Swedzinski had cause for failing to raise the Bailey issue at trial or on direct appeal in light of the well-settled Eighth Circuit law that existed at that time. But Swedzinski still must show actual prejudice. The actual prejudice standard is a significantly higher hurdle than the showing required to establish plain error on direct appeal. See Frady, 456 U.S. at 166. Swedzinski must show that the erroneous jury instruction "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 170. He also must show a substantial likelihood that a properly instructed jury would have acquitted him of violating § 924(c). See id. at 172.

The jury instructions at issue clearly gave the jury the option of finding a "carry" violation by stating that the government must prove "either that a firearm was used or carried; both do not have to be proved." In deciding whether Swedzinski has shown actual prejudice resulting from the erroneous definition of "use," we must consider whether the evidence was sufficient to convict Swedzinski of a "carry" violation under § 924(c). "Carry" has been defined as meaning to have on or about one's person. See, e.g., Muscarello v. United States, 118 S. Ct. 1911, 1915 (1998) ("No one doubts that one who bears arms on his person 'carries a weapon.'"); United States v. McKinney, 120 F.3d 132, 133-34 (8th Cir. 1997) (on one's person); Williams, 98 F.3d at 1055 (on or about one's person). The record shows, and Swedzinski does not dispute, that he was wearing the handgun on his person when he was arrested. Therefore, we agree with the District Court that the evidence was sufficient to show that Swedzinski "carried" the handgun within the meaning of § 924(c).

Although Swedzinski does not contest that he was carrying the handgun, he does argue that the evidence is insufficient to prove beyond a reasonable doubt that he carried the handgun in relation to a drug trafficking crime. We disagree. Regardless

of the erroneous definition of "use," the instructions made clear that the jury must find that "during and in relation to the drug trafficking crime, the defendant Swedzinski used or carried a firearm." Thus, whether the jury found Swedzinski had used the firearm or had carried the firearm, it is clear the jury found that the chosen action (used or carried) was during and in relation to the drug trafficking crime. Swedzinski contested this issue at trial by presenting evidence that he was carrying the handgun to shoot squirrels. However, the record shows that Swedzinski was arrested immediately after having inspected the marijuana plants and while carrying materials identical to those used to booby-trap the marijuana plot. Thus the evidence was sufficient for the jury to convict Swedzinski of carrying the firearm during and in relation to a drug trafficking crime under § 924(c).

Because the evidence was more than sufficient to convict Swedzinski of carrying the firearm during and in relation to his marijuana growing operation, Swedzinski has failed to show a substantial likelihood that a jury, properly instructed as to the definition of "use," would have acquitted him of violating § 924(c). See Frady, 456 U.S. at 172. Therefore, Swedzinski has failed to show actual prejudice. See Williams, 98 F.3d at 1055 (denying § 2255 motion to vacate § 924(c) conviction on Bailey grounds because petitioner failed to establish actual prejudice from erroneous jury instruction on "use" when evidence was sufficient to convict for a "carry" violation); see also Valasquez, 131 F.3d at 766-67 (same); Rodger, 100 F.3d at 90-91 (same). Accordingly, we conclude that Swedzinski's Bailey claim is procedurally barred. Moreover, even if the claim were not procedurally barred, the erroneous instruction on "use" would be, because of Swedzinski's inability to show prejudice, error of the harmless variety.

The order of the District Court denying § 2255 relief is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.