# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1639

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Salvador Ramos, | * |
| | * |
| Appellant. | * |

_____

No. 97-3013

_____

Appeals from the United States
District Court for the
Southern District of Iowa.

| | | |
|---|---|---|
| Servando Ramos, | * | [UNPUBLISHED] |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: August 6, 1999
Filed: August 12, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

A jury found Salvador Ramos and his brother, Servando Ramos, guilty of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2. On direct appeal, the Ramoses challenged only the district court's denial of their motion to suppress evidence, and we affirmed their convictions. See United States v. Ramos, 42 F.3d 1160 (8th Cir. 1994), cert. denied, 514 U.S. 1134 (1995). They later sought relief under 28 U.S.C. § 2255, arguing in relevant part that the jury instruction on "use" of a firearm was erroneous in light of Bailey v. United States, 516 U.S. 137 (1995). The district court[1] denied relief, and the Ramoses now appeal. We affirm.

Because the Ramoses seek section 2255 relief for an erroneous jury instruction to which no objection was made at trial, they must show both cause excusing their procedural default and actual prejudice from the alleged error. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Williams v. United States, 98 F.3d 1052, 1054 (8th Cir. 1996), cert. denied, 520 U.S. 1150 (1997). The evidence admitted at trial shows the Ramoses were transporting marijuana in the fuel tank of a vehicle that contained a firearm and ammunition behind the driver's seat. We conclude that this evidence supports a "carry" conviction, that there is no "substantial likelihood" a properly instructed jury would have acquitted them, and that the Ramoses thus cannot show prejudice. See Williams, 98 F.3d at 1055 (affirming denial of § 2255 petition because evidence presented at trial was sufficient to convict petitioner of carrying firearm, and thus petitioner could not show prejudice); see also United States v. Willis,

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

89 F.3d 1371, 1378-79 (8th Cir.) (ordinary meaning of carry includes transporting guns in passenger compartment of car "loaded" with drugs), cert. denied, 519 U.S. 909 (1996). Because neither appellant was prejudiced by the erroneous instruction, their ineffective assistance of counsel claims are also without merit. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1978 6.9 truortec9 U Tc 0Ci126gf BT½624w