**UNITED STATES of America,**
**Appellee,**

v.

**Jimmy FOLEY, Appellant.**

**No. 99–2673SI.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 3, 2000.

Decided Jan. 25, 2000.

South Dakota.

Gary L. Hayward, Asst. U.S. Atty., Des Moines, IA, for Appellee.

Paul Rosenberg, Des Moines, IA, for Appellant.

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

PER CURIAM.

Jimmy Foley appeals the District Court's[1] order denying his 28 U.S.C. § 2255 motion. The District Court granted Foley a certificate of appealability as to whether he was denied effective assistance of counsel and whether the evidence was sufficient to convict him under 18 U.S.C. § 924(c) of using and carrying a firearm, in light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). We affirm.

In April 1995, a jury found Foley and his co-defendants guilty of conspiracy to distribute marijuana and cocaine base, in violation of 21 U.S.C. § 846; conspiracy to commit arson, in violation of 18 U.S.C. § 371; carrying a destructive device (a pipe bomb) during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and carrying a destruc-

tive device during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The jury also found Foley guilty of one count of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The District Court sentenced Foley to 39 years and nine months in prison. On direct appeal, we affirmed Foley's conviction and sentence. See *United States v. McMasters,* 90 F.3d 1394 (8th Cir.1996), *cert. denied,* 519 U.S. 1071, 117 S.Ct. 718, 136 L.Ed.2d 636 (1997).

In 1997, Foley filed a section 2255 motion claiming, inter alia, that his appellate counsel was ineffective for not challenging his three "use-and-carry" convictions on the basis of *Bailey,* which the Supreme Court had decided after his conviction but before his direct appeal. In *Bailey,* the Supreme Court held that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime," which "includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Bailey,* 516 U.S. at 148, 150, 116 S.Ct. 501.

However, the Supreme Court left intact the "carry" prong of section 924(c), and we have held that bearing arms on one's person can support a "carry" violation. See *United States v. McKinney,* 120 F.3d 132, 133–34 (8th Cir.1997). Because Foley held a gun and a pipe bomb while he was going to the house the conspirators intended to bomb, we conclude that there was evidence to support his three "carry" convictions. Thus, after our de novo review, see *United States v. Duke,* 50 F.3d 571, 576 (8th Cir.), *cert. denied,* 516 U.S. 885, 116 S.Ct. 224, 133 L.Ed.2d 154 (1995), we agree with the District Court that, although the "use" instructions were inconsistent with *Bailey,* Foley cannot show he was prejudiced by

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

counsel's failure to challenge these convictions on that ground. *Cf. Williams v. United States,* 98 F.3d 1052, 1055 (8th Cir.1996) (affirming denial of § 2255 petition because evidence presented at trial was sufficient to convict petitioner of carrying a firearm, and thus petitioner could not show prejudice), *cert. denied,* 520 U.S. 1150, 117 S.Ct. 1327, 137 L.Ed.2d 488 (1997).

Accordingly, we affirm.