# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2343

_____

United States of America,     *
     *
     Appellee,     *
     *
     v.     *
     *
Reginald DeSean Arline,     *
     *
     Appellant.     *

          _____          Appeals from the United States
                              District Court for the Southern
     No. 99-2345          District of Iowa.

          _____          [UNPUBLISHED]

United States of America,     *
     *
     Appellee,     *
     *
     v.     *
     *
Steven Johnson,     *
     *
     Appellant.     *

_____

Submitted:  August 25, 2000

Filed:  August 31, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Reginald DeSean Arline, Steven Johnson, and two others were convicted of drug and arson conspiracies, and of using and carrying a destructive device during and in relation to the drug and arson conspiracies. We affirmed those convictions on direct appeal. See United States v. McMasters, 90 F.3d 1394, 1396-1402 (8th Cir. 1996), cert. denied, 519 U.S. 1071, 1099 (1997). Appellants Arline and Johnson then filed separate motions under 28 U.S.C. § 2255, asserting claims related to Bailey v. United States, 516 U.S. 137 (1995). They now appeal the district court's orders denying relief without an evidentiary hearing.

After careful review, we conclude the appellants failed to show a properly instructed jury would have acquitted them. We thus affirm the district court's denial of their section 2255 motions. See United States v. Foley, 200 F.3d 585, 586-87 (8th Cir. 2000) (per curiam) (affirming denial of § 2255 relief to Arline and Johnson's coconspirator, who raised Bailey challenge to 18 U.S.C. § 924(c) convictions); Swedzinski v. United States, 160 F.3d 498, 501 (8th Cir. 1998)( (affirming denial of § 2255 motion where jury instruction on "use" was contrary to Bailey, but jury was given option of finding "carry" violation; holding movant must show jury instruction worked actual and substantial disadvantage amounting to constitutional error, and properly instructed jury would have acquitted movant), cert. denied, 120 S. Ct. 119 (1999); Barrett v. United States, 120 F.3d 900, 901 (8th Cir. 1997) (per curiam) (upholding post-Bailey application of coconspirator theory of liability to § 924(c)).

We affirm the rulings of the district court. See 8th Cir. R. 47B.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.