**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RANDY GLOVER,

Defendant-Appellant.

No. 97-5239
(D.C. No. 97-CV-414-C)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN,**[**] Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Randy Glover, proceeding pro se, appeals from the district court's denial of his motion to vacate, set aside or correct his sentence, filed pursuant to 28 U.S.C. § 2255. In an order dated July 6, 1998, this court granted Glover a certificate of appealability on a single issue raised on appeal: his challenge of the district court's denial of an evidentiary hearing on the question whether the sentencing court erred in using D-methamphetamine rather than L-methamphetamine to establish his base offense level. We denied Glover a certificate of appealability on all other issues raised on appeal. We also directed the government to file a response brief on the remaining issue, specifically questioning why the case should not be remanded to the district court for an evidentiary hearing in light of United States v. Youngpeter, No. 97-5142, 1998 WL 171838 (10th Cir. Apr. 13, 1998). The government, in response, conceded that an evidentiary hearing should be held "to better serve the interests of justice." Response at 3.

"In response to a § 2255 motion, the district court 'must hold an evidentiary hearing on the prisoner's claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."'" United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996) (quoting United States v. Galloway, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255)). We review

the district court's decision not to hold an evidentiary hearing for abuse of discretion. See id. After reviewing the record on appeal, together with Glover's arguments and the applicable legal standards, we conclude that this appeal is controlled by our decision in Youngpeter, and therefore agree with the government that an evidentiary hearing is required. The district court abused its discretion in denying Glover an evidentiary hearing by relying on the factual findings reached in an evidentiary hearing held for one of Glover's co-defendants, thereby violating his rights to be present and to be represented by counsel during the hearing. See Youngpeter, 1998 WL 171838, at **5.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and this case is remanded to the district court for an evidentiary hearing on the single issue whether Glover was properly sentenced on the basis of D-methamphetamine. The mandate shall issue forthwith.

Entered for the Court

Wesley E. Brown
Senior District Judge