PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 98-7013 |
| EDMOND LEON LEOPARD, | |
| Defendant-Appellant. | |

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 97-CV-149-S)

---

SUBMITTED ON APPLICATION FOR A CERTIFICATE OF APPEALABILITY

Filed March 16, 1999

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

**PER CURIAM** .

---

This matter is before the court on defendant's application for a certificate

of appealability (COA). Defendant seeks to appeal from an order denying his

motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. For

procedural reasons explained below, we grant COA, vacate the order denying the § 2255 motion, and remand the case with directions to appoint counsel and conduct further proceedings. [1] We do not, however, express any opinion on the ultimate disposition of the substantive grounds raised in the motion.

This court's opinion on defendant's direct appeal sets out the factual background relating to his prosecution, much of which need not be repeated here. See United States v. Leopard, 936 F.2d 1138 (10th Cir. 1991). Defendant was convicted by a jury of (I) attempting to manufacture methamphetamine; (II) possessing a listed chemical with intent to manufacture methamphetamine; (III) possessing with intent to distribute methamphetamine; (IV) using or carrying a firearm during and in relation to a drug trafficking offense; and (V) being a felon in possession of a firearm. As for sentencing,

> [t]he presentence report provided for a base offense level of 36 which was based on testimony that 41.7 pounds of methamphetamine could have been produced by [defendant] with the chemicals and equipment involved. The district court . . . followed the presentence report and sentenced [him] to a term of 327 months as to each of counts I and III and 120 months as to each of counts II and V, all terms to be served concurrently. As to count IV, [defendant] was sentenced to sixty months . . . to be served consecutively to the sentences in the remaining counts.

---

[1] After examining the application and preliminary record, this panel has determined unanimously that oral argument would not materially assist the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Id. at 1139-40. On appeal, he unsuccessfully challenged the sufficiency of the evidence on count I; the admission of a pistol found during a warrantless search; the failure to charge on the lesser included offense of possession; and the amount of methamphetamine deemed producible for sentencing purposes. Id. at 1140.

In March 1997, defendant commenced this § 2255 proceeding. He raised two grounds for relief, namely, erroneous instruction on "use" of a firearm and unsubstantiated sentencing for d-methamphetamine, and asserted ineffective assistance of counsel and an intervening change in law to excuse the omission of these issues on direct appeal. See R. Vol. I, doc. 2 (§ 2255 motion) at 5-6; doc. 3 (supporting memorandum). He later sought to amend his § 2255 motion to add sentencing objections with respect to the listed-chemical and firearm-possession counts. The district court set the matter for hearing, granted the government's application for a writ of habeas corpus ad prosequendum to secure defendant's appearance, but denied defendant's motion for appointment of counsel.

At the hearing, the district court directed the government to respond to the motion to amend and took a renewed motion for appointment of counsel under advisement. Shortly after the government filed its response, the court issued the order under review, denying relief on the two grounds raised in the initial § 2255 motion and dismissing the case without any reference to the pending motions for amendment and appointment of counsel.

**Denial of Counsel at Evidentiary Hearing**

The district court ordered the evidentiary hearing under United States v. Glover, 97 F.3d 1345 (10th Cir. 1996), for the government to offer evidence satisfying its burden to substantiate an enhanced d-methamphetamine sentence previously imposed on defendant without such substantiation. See id. at 1350. Defendant was entitled to counsel at this hearing.

As a general matter, simply by ordering a hearing the district court brought into play the mandate of 28 U.S.C. § 2255 Rule 8(c): "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A[b]." [2] See Swazo v. Wyoming Dep't of Corrections, 23 F.3d 332, 333 (10th Cir. 1994) (following general view that Rule 8(c) "makes the appointment of counsel mandatory when evidentiary hearings are required."). And, more specifically, given its functional overlap with the deficient sentencing proceeding it essentially served to complete, the "Glover hearing" ordered in this case should have shared the latter's status as "a critical stage of the criminal proceeding" at which legal representation is constitutionally required under Gardner v. Florida, 430 U.S. 349, 358 (1977). Cf. Green v.

---

[2] Defendant paid the fee for this appeal and, hence, may not be sufficiently "indigent" for appointment of counsel under 28 U.S.C. § 1915, but there is no indication he would be disqualified for appointment of counsel under Rule 8(c), which incorporates the broader "financially unable to obtain counsel" test of § 3006A. See United States v. Osuna, 141 F.3d 1412, 1414 (10th Cir. 1998).

Reynolds , 57 F.3d 956, 961 (10th Cir. 1995) (where state post-conviction hearing "serves as a substitute" for deficient criminal proceeding, it requires same constitutional process). Indeed, this court has repeatedly so held in recent unpublished dispositions. See United States v. Youngpeter , No. 97-5142, 1998 WL 171838 (10th Cir. April 13, 1998); see also United States v. Randy Glover , No. 97-5239, 1998 WL 544408 (10th Cir. Aug. 27, 1998) (following Youngpeter ); United States v. Roy Glover , No. 97-5130, 1998 WL 544406 (10th Cir. Aug. 27, 1998) (same). For guidance and consistency, we now acknowledge this circuit's practice, and its constitutional rationale, in a precedential decision.

Under the circumstances, including the additional procedural errors we identify in connection with some of defendant's other claims, we deem it most appropriate to remand directly for the appointment of counsel and the conduct of another hearing without delay for briefing on this appeal. Practical as well as legal considerations underlie this decision.

The only possible defense to the wrongful denial of counsel would involve the assertion of harmless error, and the uncounseled Glover hearing has never been transcribed, much less reviewed, for this purpose. And, to appoint counsel now to assess and argue the harmfulness of not appointing counsel before strikes us as a peculiar, if not paradoxical, implementation of the right to representation. If an appointment is to be made in either event--to assist now on this appeal, or in

evidentiary proceedings on remand--it is far better to have counsel actually afford defendant the representation to which he is constitutionally and statutorily entitled in the district court.

### Bailey Instructional Error

The jury convicted defendant of using or carrying a firearm in violation of 18 U.S.C. § 924(c), pursuant to an instruction deficient under the subsequent definition of "use" in Bailey v. United States, 516 U.S. 137 (1995). The district court acknowledged this error, but refused to grant relief after determining that even if the jury had found defendant guilty under the erroneous use instruction, that finding would necessarily have entailed the elements required for a proper guilt determination on the carry prong of the § 924(c) charge. This deductive analysis, requiring the government to demonstrate a necessary inference of properly found § 924(c) guilt to foreclose relief for an erroneous use instruction, was at one time the controlling approach to § 2255 Bailey claims in this circuit. See United States v. Holland, 116 F.3d 1353, 1358 (10th Cir.), cert. denied, 118 S. Ct. 253 (1997). However, it has been supplanted by the holding in Bousley v. United States, 523 U.S. 614 (1998), that collateral Bailey claims require actual innocence of the § 924(c) charge before relief may be granted. See United States v. Powell, 159 F.3d 500, 501-02 (10th Cir. 1998), petition for cert. filed, (U.S. Jan. 14, 1999) (No. 98-7708). Now, Bailey claims are foreclosed if the evidence

was legally sufficient to convict for carry, see, e.g. , Velasquez v. United States , 131 F.3d 766, 767 (8th Cir. 1997), or use, see, e.g. , United States v. Ramos , 147 F.3d 281, 284-85, 287 (3d Cir. 1998).

Certainly Bousley made it more difficult to obtain collateral relief on the basis of Bailey instructional error. [3] Significantly, however, Bousley did not adopt and *subsume* the Holland approach under a more rigorous standard--if that were the case, we could still simply affirm a correct denial of § 2255 relief under the Holland formulation because, a fortiori, the defendant could not satisfy the higher Bousley standard. Rather, as explained below, Bousley applied a tougher but *categorically different* test.

Under Holland , we took the (tainted) use determination *as a given* and assessed its logical implications for a proper § 924(c) charge, considering the

---

[3]     One circuit has limited Bousley "to its facts," i.e., to Bailey errors in the plea context, see Hilliard v. United States , 157 F.3d 444, 450 n.4 (6th Cir. 1998), which would make it inapplicable here. Such a limitation is unsupportable. Bousley required actual innocence, as opposed to "cause and prejudice," for collateral Bailey claims, because it held Bailey 's alteration of the meaning of "use" was "not . . . so novel as to constitute cause to excuse the failure to raise a Bailey -type challenge on direct appeal." Powell , 159 F.3d at 502. As "[t]he standard for determining 'cause' for a procedural default does not depend on the method of conviction," United States v. Sorrells , 145 F.3d 744, 750 n.4 (5th Cir. 1998), Bousley 's conclusion about Bailey 's novelty, and the resultant foreclosure of "cause" based thereon, would apply to *any* § 2255 motion, whether the reliance on pre- Bailey law had occurred at trial or in a plea proceeding. Other circuits have recognized this point explicitly or implicitly. See, e.g. , DeJesus v. United States , 161 F.3d 99, 103 (2d Cir. 1998); Ramos , 147 F.3d 281 (3d Cir.); Sorrells , 145 F.3d at 750 (5th Cir.); Velasquez , 131 F.3d 766 (8th Cir.).

record evidence only as necessary to translate the given use findings--themselves untested for evidentiary sufficiency--into proper use or carry findings. Thus, for example, in United States v. Durham, 139 F.3d 1325 (10th Cir.) (direct appeal applying Holland analysis), cert. denied, 119 S. Ct. 158 (1998), this court (1) noted that the elements of "possession or . . . control" of a firearm "during and in relation to the . . . drug trafficking crime" were properly included in an otherwise erroneous § 924(c) instruction; (2) inferred that these elements were thus "necessarily included in the jury's verdict" (without any assessment of the evidentiary sufficiency for these elements); (3) concluded that, as the only evidence of possession involved a firearm in the defendant's truck, "the jury's finding that [the defendant] was in possession of the firearm necessarily 'embraces' the finding that [he] had transported [it];" and (4) held "the jury's verdict is the 'functional equivalent' of finding a 'carry' violation," and, accordingly, denied relief. Id. at 1335-36 (further quotation omitted).

Under Bousley's actual-innocence test, on the other hand, no deductive demonstration of the Holland sort is necessary, but, by the same token, the evidentiary basis for the findings which that demonstration took as given is now the object of the inquiry, to be assessed for legal sufficiency. Thus, if defendant can establish his factual innocence of both the use and carry prongs of § 924(c)--admittedly no easy task--he is entitled to relief for the acknowledged

<u>Bailey</u> error regardless of what the jury expressly or impliedly found on the inadequate evidentiary record.

Thus, it will not do to review the district court's deductive <u>Holland</u> analysis and, if it is correct, simply affirm with an "a fortiori" gesture toward <u>Bousley</u>. Until the trial transcript is obtained and assessed for evidentiary sufficiency on the use or carry prongs of § 924(c), a definitive ruling on the <u>Bailey</u> claim would be premature.  As we are remanding the case for appointment of counsel and further proceedings on the <u>Glover</u> issue in any event, we deem it the best course to include the <u>Bailey</u>-<u>Bousley</u> claim in the remand and let counsel develop the appropriate evidentiary argument before the district court, rather than to attempt a resolution of the matter on this underdeveloped appeal. [4]

---

[4]     We do not deny our *authority* to conduct an actual-innocence review and, if appropriate, to affirm under <u>Bousley</u> without remanding.  We decide only as a prudential matter that, under the circumstances, it is preferable to have the issue fleshed out by counsel in the district court, where thus far it has received no explicit attention (typically, a <u>Holland</u> analysis of <u>Bailey</u> error would have been followed by a review for actual innocence, to assess this alternative basis for excusing a default on direct appeal; however, by conducting its analysis in terms of "harmless error" rather than cause-and-prejudice, R. Vol. I, tab 22, at 3, the district court appears to have skirted the actual-innocence inquiry entirely).

## Listed-Chemical Sentencing Before 1991 Guideline Amendment

Defendant raised another serious claim in the proposed amendment to his § 2255 motion, which the district court failed to address in its dispositive order even though it had directed the government to respond to the amendment. The government's response raised procedural bar concerns, but, if the claim discussed here is the evident winner it appears to be, such concerns could well be obviated by defendant's allegation of ineffective assistance of counsel in his § 2255 motion. See, e.g. , Glover , 97 F.3d at 1348-49, 1350-51; Rogers v. United States , 91 F.3d 1388, 1391 (10th Cir. 1996). As explained below, defendant's claim rests on specific circuit authority undercutting the sentence he received on one of his counts of conviction. At the very least, this claim raises a substantial question.

In 1990, when defendant was sentenced for possession of a listed chemical with intent to manufacture a controlled substance, see 21 U.S.C. § 841(d)(2), "the guideline most readily applicable to drug crimes," i.e., U.S.S.G. § 2D1.1, "fail[ed] . . . to cover the described offense," and there was "no sufficiently analogous guideline" to apply in accordance with U.S.S.G. § 2X5.1. United States v. Voss , 956 F.2d 1007, 1013 (10th Cir. 1992). Thus, in Voss, we vacated a listed-chemical sentence calculated like a controlled-substance sentence under U.S.S.G § 2D1.1 (i.e., base offense level set by reference to controlled substance produced from listed chemical rather than by reference to listed chemical itself),

and remanded for re-sentencing under 18 U.S.C. § 3553, which governs sentencing in the absence of an applicable guideline. See 956 F.2d at 1008-13. Indeed, we held this misapplication of the then-controlling law [5] to be plain error. See id. at 1009.

Defendant asserted in his motion to amend that the same error had been made in his case. While we are reluctant to say the performance-and-prejudice test for ineffective assistance of counsel is necessarily satisfied here, see generally Strickland v. Washington, 466 U.S. 668, 686-87 (1984), it would be equally premature to hold to the contrary, particularly without any development and analysis of the issue by the district court to review. And, once again, it seems appointed counsel could be of considerable assistance.

---

[5] An amendment to the guidelines, effective November 1991, obviated the Voss problem (prospectively) by directing use of *either* the listed-chemical offense level or the controlled-substance offense level, whichever is higher. See United States v. Wagner, 994 F.2d 1467, 1471-72 (10th Cir. 1993); see also Voss, 956 F.2d at 1011 (noting amendment but holding that "[b]ecause [it] is substantive rather than merely clarifying, we do not apply it").

## Conclusion

In sum, without resolving the underlying merits of the substantial claims discussed above, we hold that their extant disposition cannot stand and that counsel should be appointed to assist in their presentation before the district court on remand. We also note that there are some additional issues, advanced in more obscure fashion by the pro se defendant, which we have not directly addressed. While counsel should be free on remand to pursue these, as appropriate, we do not intend to force or foreclose any determination regarding their substantive and procedural merit.

Defendant's application for a certificate of appealability is GRANTED. The judgment of the district court is VACATED, and the cause is REMANDED for further proceedings consistent with this opinion.