F I L E D
United States Court of Appeals
Tenth Circuit

MAY 28 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HERBERT WILLIS,

      Petitioner-Appellant,

v.

H. N. SCOTT,

      Respondent-Appellee.

No. 98-6427
(D.C. No. 98-CV-821)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Herbert Willis pled guilty to two counts of first degree

rape and to one count of forcible anal sodomy, both after former convictions of

two or more felonies. The District Court of Oklahoma County sentenced Willis to

25 years' imprisonment on each count, with all sentences to run concurrently.

Willis' pro se 28 U.S.C. § 2254 writ of habeas corpus was rejected by the district

---

[*]After examining the brief and appellate record, this panel has determined unanimously to grant the appellant's request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court as time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court also denied Willis a certificate of appealability ("COA") and his motion to proceed in forma pauperis ("IFP") on appeal. Because we agree with the district court that Willis' writ was barred by the one-year AEDPA statute of limitations, we likewise deny Willis' request for a COA and motion to proceed IFP, and affirm the dismissal of his habeas petition.

Willis' conviction became final for § 2244(d) purposes on March 15, 1992. Since Willis' state conviction became final prior to the AEDPA's enactment on April 24, 1996, under our case law, he had one year from that date to file his application for federal habeas relief. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998). Willis, however, failed to file his habeas petition until June 11, 1998. Nevertheless, Willis asserts that, pursuant to the new constitutional right rule in § 2244(d)(1)(C), his petition is timely because of the asserted new constitutional right to show "actual innocence" recognized in Bousley v. United States, 523 U.S. 614 (1998). However, Bousley has no bearing on Willis' case. Bousley held that collateral claims which address the definition of "use" of a firearm in 18 U.S.C. § 924(c) first recognized in Bailey v. United States, 516 U.S. 137 (1995), require "actual innocence" of the § 924(c) charge before relief may be granted. See United States v. Leopard, 170 F.3d 1013, 1016

(10th Cir. 1999) (per curiam). <u>Bousely</u> therefore has no affect on Willis' habeas petition which strictly addresses his conviction and sentence for violations of Oklahoma statutes.

As a result, Willis' habeas petition is clearly time barred under AEDPA and we therefore deny his request for a COA and his motion to proceed IFP. The dismissal of Willis' habeas petition is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge