**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RONALD G. ANDERSON,

      Defendant-Appellant.

Nos. 99-4177, 99-4183
(D.C. No. 96-CV-1070)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Petitioner-Appellant Ronald G. Anderson ("Anderson") was convicted after

a jury trial of seven counts of violating 21 U.S.C. § 841(a)(1), distribution or

manufacture of a controlled substance, and one count of violating 18 U.S.C.

§ 924(c), carrying a firearm during and in relation to a drug trafficking crime.

Anderson received a sentence of 210 months imprisonment on the first seven

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counts, followed by a 60-month consecutive term of imprisonment on the eighth count, and a term of eight years supervised release. Alleging various errors pertaining to his trial and sentence, Anderson appealed the conviction. This court affirmed Anderson's conviction in United States v. Anderson, No. 93-4008, 1994 WL 107856 (10th Cir. March 23, 1994) (unpublished).

Anderson subsequently filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Utah. Adopting the Report and Recommendation of the magistrate judge, the district court rejected Anderson's claims and dismissed the motion. (See Doc. 28.) Anderson applied to this court for a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c). On April 11, 2000, this court granted COA on two of the issues raised in the application and denied COA for the remaining issues.

Of the two issues for which we granted COA, we denied Anderson's claim that he was improperly sentenced under U.S.S.G. § 2D1.1(c) on the merits. With respect to the remaining issue, a claim that the trial court improperly instructed the jury on the § 924(c) offense under Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), we ordered the government to file a responsive brief. In a subsequent order, filed May 10, 2000, this court ordered Anderson to file a reply brief to the government's responsive brief. Anderson requested an extension of time in which to file his reply brief, and this court

granted an extension until June 26, 2000. To date, this court has not received a reply brief from Anderson.

Section 924(c) prohibits the "use" or "carrying" of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Anderson contends that the jury instruction failed to conform with the definition of "use" set forth in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995). The district court and magistrate judge relied on this circuit's decision in United States v. Holland, 116 F.3d 1353 (10 th Cir. 1997), in concluding that Anderson is not entitled to § 2255 relief for this claim. ( See Doc. 22, at 8-15; Doc. 28, at 1.) Holland was subsequently overruled, however, by the Supreme Court's subsequent decision in Bousley v. United States, 523 U.S. 614, 188 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). See United States v. Leopard, 170 F.3d 1013, 1016-17 (10 th Cir. 1999).

This court raised the issue of procedural bar sua sponte in requesting the government to file a brief addressing Anderson's Bailey claim in light of Bousley. A court may raise procedural bar sua sponte, see United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994), provided that the defendant has an adequate opportunity to respond, see United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Anderson was provided with an opportunity to address this issue when the

court ordered him to file a reply brief. See United States v. Harmon, No. 98-4151, 1999 WL 393696, at **2 n.2 (10th Cir. June 16, 1999) (unpublished).

The government has asserted that Anderson's Bailey claim is procedurally barred because Anderson failed to object to the jury instructions pertaining to the § 924(c) violation at trial or to raise this issue on direct appeal. ( See Aple. Br. at 4.) "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (internal citations omitted). In Bousley, the Court effectively foreclosed the possibility that a prisoner could show cause in order to obtain collateral relief pursuant to the cause and prejudice exception for a Bailey violation that was procedurally defaulted. See Leopard, 170 F.3d at 1016 & n.3. This is because the Court concluded in Bousley that its holding in Bailey was not so novel that a legal argument along the lines of Bailey would have been unavailable to counsel at trial. Bousley, 523 U.S. at 622. The Court similarly rejected the petitioner's claim in Bousley that raising an argument similar to that in Bailey at trial or on appeal would have been futile. See id. Thus, as a result of Bousley, a prisoner most likely would have to show actual innocence in order to obtain collateral relief on a Bailey claim. See Leopard, 170 F.3d at 1016 (characterizing Bousley as holding that "collateral Bailey claims require actual

- 4 -

innocence of the § 924(c) charge before relief may be granted"). This court has noted that Bousley, which involved a § 2254 action, applies with equal force in the context of a § 2255 action, such as the present case. See Leopard, 170 F.3d at 1016 n.3.

Anderson has never argued, either before the district court or this court, that he raised the Bailey claim at trial or on direct appeal. Moreover, Anderson has made no attempt to show either cause and prejudice or actual innocence in an effort to overcome the apparent default.[1] We therefore must deny Anderson § 2255 relief on the ground that the claim is procedurally barred.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1]Anderson raised a number of arguments pertaining to his Bailey claim in his Motion in Support of the Case and in his Motion to Recall the Judgment Back to the United States District Court of Utah. Neither of these motions address cause and prejudice or actual innocence, and the motions are therefore denied.