F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT GELZER,

   Petitioner-Appellant,

  v.

N. L. CONNORS, Warden,

   Respondent-Appellee.

No. 02-3324
(D.C. No. 99-CV-3132-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HOLLOWAY** and **McKAY**, Circuit Judges.

   After examining the brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

   This is a *pro se* 28 U.S.C. § 2241 federal prisoner appeal. On January 28, 1994, Mr. Gelzer was convicted in the Eastern District of New York of conspiracy

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to commit armed postal robbery, armed postal robbery, possession of a firearm during a crime of violence, possession of a firearm by a convicted felon, and possession of a firearm with an obliterated serial number.  Mr. Gelzer's conviction was affirmed by the Second Circuit, but his case was remanded for reconsideration of sentencing issues.  See United States v. Gelzer, 50 F.3d 1133 (2d Cir. 1995).  After re-sentencing, Mr. Gelzer's sentence was affirmed.  See United States v. Gelzer, 104 F.3d 354 (2d Cir. 1996).  Mr. Gelzer subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The motion was denied by the district court, and the denial was affirmed by the Second Circuit.

Mr. Gelzer is incarcerated at USP-Leavenworth, Kansas.  In his § 2241 petition, Mr. Gelzer asked for relief from his conviction of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  He alleged that (1) the jury instructions did not properly define the "use" and "carry" of a firearm in light of Bailey v. United States, 516 U.S. 137 (1995), and (2) there was insufficient evidence regarding his possession of a firearm during a crime of violence.

The magistrate judge correctly noted that Mr. Gelzer was attacking the validity of his conviction and sentence rather than the execution of his sentence as is proper under § 2241.  Review of a conviction and sentence is precluded under §

2241 unless the remedy under § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255. Therefore, the magistrate judge proceeded to review the § 2241 petition in light of Bailey, which the Supreme Court decided after Mr. Gelzer filed his original § 2255 motion.

The magistrate judge correctly found that Bailey did not apply to Mr. Gelzer's case. On collateral review, Bailey claims require actual innocence of the crime in order for relief to be granted. United States v. Leopard, 170 F.3d 1013, 1016 (10th Cir. 1999). "Bailey claims are foreclosed if the evidence was legally sufficient to convict for carry . . . or use." Id. (citations omitted). The magistrate judge stated that "[a]n examination of the circumstances surrounding petitioner's crime reveals that the Bailey decision did not render his conduct non-criminal because a firearm was actively employed in the robbery . . . ." Rec., Doc. 20, at 4. Consequently, the remedy under § 2255 was not inadequate or ineffective, and the magistrate judge recommended that the § 2241 petition be denied. After consideration of Mr. Gelzer's objections to the report and recommendation, the district court adopted it in its entirety and dismissed the petition for writ of habeas corpus.

We have carefully reviewed Mr. Gelzer's brief, the district court's disposition, and the record on appeal. For substantially the same reasons as set forth by the district court in its Order of July 31, 2002, adopting the magistrate

judge's recommendation, we agree with the disposition of the district court.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge