**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH LEE KELLEY,

Defendant - Appellant.

No. 05-7126
(E.D. Oklahoma)
(D.Ct. No. CIV-05-139-P)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

On September 18, 2003, Kenneth Lee Kelley was charged in an eleven-

count superseding indictment with various drug and firearm offenses. On January

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

26, 2004, pursuant to an oral plea agreement, he pled guilty to Counts 1-2 and 4-11. As part of the plea agreement, the government agreed to dismiss Count 3, which carried a mandatory twenty-five year consecutive sentence, and Kelley agreed not to appeal.[1] On April 27, 2004, Kelley was sentenced to 360 months imprisonment. Kelley alleges that immediately after the district court imposed sentence, he asked his counsel to file a direct appeal of his sentence. According to Kelley, although counsel informed him he would file a notice of appeal, counsel failed to do so. Kelley contends he did not learn of his counsel's failure to file a notice of appeal until March 25, 2005. Subsequently, Kelley filed a direct appeal, which was dismissed on jurisdictional grounds.

On April 1, 2005, Kelley filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of trial counsel based on counsel's failure to file a notice of appeal. The district court held an evidentiary hearing but failed to appoint counsel for Kelley. Based on the evidence presented at the hearing, the court denied Kelley's § 2255 motion and judgment was entered accordingly.

Thereafter, Kelley filed a timely notice of appeal, a motion for certificate of appealability (COA) and a motion to proceed *in forma pauperis* (*ifp*) on appeal.

---

[1] It is unclear whether Kelley waived his right to appeal his conviction and sentence or merely his conviction. Although the agreement between the parties was that there would be no appeal, at sentencing, the district court advised Kelley of his right to appeal his sentence.

On December 5, 2005, the district court granted Kelley's motion to proceed *ifp*. It also granted a COA based on its failure to appoint counsel for purposes of the evidentiary hearing. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If an evidentiary hearing is warranted, the judge *must* appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.") (emphasis added).

As the district court recognized in granting Kelley a COA, it erred in failing to appoint counsel for purposes of the evidentiary hearing. Having determined that an evidentiary hearing was warranted, the district court was required under Rule 8(c) to appoint counsel if Kelley qualified for such appointment under 18 U.S.C. § 3006A. *See United States v. Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999). Section 3006A(a)(2) allows for the appointment of counsel in § 2255 cases to "any person financially unable to obtain adequate representation" when the "interests of justice so require." By granting a COA and conceding error, the district court apparently believes Kelley satisfies this standard. The government has not argued otherwise. Indeed, it has not filed a responsive brief.

We **REVERSE** the denial of Kelley's § 2255 motion and **REMAND** to the district court with directions to appoint counsel and conduct further proceedings

as warranted.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge