**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Respondent-Appellee,

v.

KENNETH LEE KELLEY,

Petitioner-Appellant.

No. 07-7032
(D.C. No. CIV-05-139-P)
(D.C. No. CR-03-51-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Kenneth Lee Kelley appeals the district court's denial of his 28 U.S.C.

§ 2255 motion. We previously granted Mr. Kelley a certificate of appealability.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We reverse and

remand for further proceedings.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Mr. Kelley was charged in a superseding indictment with various drug and weapons violations. In an oral plea agreement, Mr. Kelley agreed to plead guilty in exchange for the government's dismissal of count three, which carried a mandatory twenty-five year consecutive sentence. Mr. Kelley was then sentenced to thirty years in prison. He did not appeal his conviction or sentence.

In April 2005, Mr. Kelley filed a § 2255 motion alleging that his counsel was constitutionally ineffective for failing to file an appeal of his sentence. The district court held an evidentiary hearing and then denied the motion. Mr. Kelley appealed the decision, arguing that the district court should have appointed counsel to represent him at the evidentiary hearing. *See United States v. Kelley*, 190 F. App'x 621, 622 (10th Cir. 2006). We agreed with Mr. Kelley and reversed and remanded with instructions to the district court "to appoint counsel and conduct further proceedings as warranted." *Id.*

On remand, the district court appointed counsel and conducted a second evidentiary hearing. Mr. Kelley, Donn Baker (Mr. Kelley's former counsel), and Rebecca Wilson (Mr. Kelley's sister) testified. Mr. Kelley testified that as he was being led from the courtroom after sentencing he said to Mr. Baker, "'Are you going to take care of everything?' And [Mr. Baker] said, 'Yes.'" R. Vol. IV at 27. Mr. Kelley intended that to mean he wanted Mr. Baker to take care of his appeal. *Id.* Mr. Kelley did not speak with Mr. Baker again after he was removed

from the courtroom following sentencing. *Id.* at 27-28, 30. Mr. Kelley testified that he was relying on his family to communicate with Mr. Baker. *Id.* at 30.

Ms. Wilson testified that she heard her brother ask Mr. Baker, "'Are you going to take care of things?'" *Id.* at 11. She perceived that to mean that Mr. Baker would take care of her brother's "things that a lawyer takes care of, his court things. Appeal or whatever it was he needed to do." *Id.* Ms. Wilson testified that she attempted to contact Mr. Baker a few days later to discuss her brother's appeal, but Mr. Baker was in trial and was not available until about two weeks later. *Id.* at 13-14. According to Ms. Wilson, she and her mother met with Mr. Baker a few weeks after sentencing and counsel told her that there was nothing more he could do for her brother. She testified that he gave her a name of another attorney, Warren Gotcher, who could help them file an appeal. *Id.* at 14, 20-21. Although she spoke with Mr. Gotcher, she did not have the funds to hire him. *Id.* at 15.

Mr. Baker testified that he did not disagree that Mr. Kelley made "some comment about are you going to take care of it, or do something like that. But the word appeal was never–we never discussed appeal." *Id.* at 7. According to Mr. Baker, he never spoke with Mr. Kelley about an appeal at any time after sentencing, but he did speak to some of Mr. Kelley's family members. He explained that about four to six months after sentencing, Mr. Kelley's mother and maybe his sister and father came to his office and wanted to know how

Mr. Kelley's appeal was going and he said, "I don't know–you know, what are you talking about? There isn't any appeal." *Id*. at 9.

After the hearing, the district court found that

despite [Mr. Kelley's] allegations he asked Mr. Baker "to take care of everything," there is nothing in the record to support [Mr. Kelley's] allegations that he requested Mr. Baker to file an appeal or that Mr. Baker should have understood his statements to mean he wanted Baker to file an appeal.

*Id*. Vol. I, Doc. 31 at 6. The district court concluded that "[b]ased upon the evidence before this Court, this Court finds counsel was not ineffective for failing to timely file a notice of appeal. Rather, [Mr. Kelley] did not timely request that an appeal be filed by Mr. Baker." *Id*. at 7. The district court denied Mr. Kelley's § 2255 motion and this appeal followed.

Discussion

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998). In order to prove a claim for ineffective assistance of counsel, a defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (internal quotations and citations omitted). The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477.

-4-

Relying on this standard, Mr. Kelley first argues that the district court's decision is clearly erroneous because he gave specific instructions to Mr. Baker to file an appeal, but that Mr. Baker failed to file one. We agree with the district court, however, that Mr. Kelley's request that Mr. Baker "'take care of everything,'" R. Vol. IV at 27, does not constitute a specific instruction to file an appeal.

But the inquiry does not end there. As the Supreme Court explained:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning– advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. . . . If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Flores-Ortega*, 528 U.S. at 478. Based on this reasoning, Mr. Kelley next argues that the district court erred in denying his § 2255 motion because "the district court's order never addresses [] whether trial counsel was ineffective for not consulting with [Mr. Kelley] and determining [Mr. Kelley's] wishes regarding appeal." Aplt. Br. at 14-15. We agree. The *Flores-Ortega* case outlines the inquiry for analyzing the same type of claim that Mr. Kelley presents here, *see* 528 U.S. at 478-486. As in *Flores-Ortega*, the district court failed to undertake the appropriate inquiry and make the necessary findings to determine whether Mr. Baker had a duty to consult with Mr. Kelley and, if he did, whether his failure

to do so prejudiced Mr. Kelley. *See id*. at 487. Although we must remand under these circumstances, we express no opinion with respect to the merits of the question to be examined by the district court. The judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this decision.

Entered for the Court

Stephen H. Anderson
Circuit Judge