FILED
United States Court of Appeals
Tenth Circuit

June 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW DEWAYNE JARAMILLO,

    Defendant - Appellant.

No. 13-1340

(D.C. No. 1:12-CR-00210-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY, BALDOCK,** and **BACHARACH,** Circuit Judges.[**]
_____

A jury convicted Defendant Matthew Dewayne Jaramillo of various charges including assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1). Ten minutes before his sentencing hearing began Defendant fired his counsel. Defendant believed his counsel was acting under a conflict of interest. At the beginning of the sentencing Defendant filed a motion entitled "Motion to Vacate Sentence." Because Defendant had not yet been sentenced, the district court construed this motion as "quintessentially . . . a motion to terminate the existing attorney client-relationship . . .

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument under Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

between [Defendant] and his attorneys . . . ."  In arguing his motion, Defendant asserted his counsel had labored under a conflict of interest and should have, but failed to, raise a defense of voluntary intoxication at trial.  The district court disagreed, responding: "First, there was no professional error. . . . And even if there was, under Strickland," there was no prejudice.  (referencing Strickland v. Washington, 466 U.S. 668 (1984)).  The court also pointed out that this issue should have been raised much earlier and there was "no good faith effort by [Defendant] to bring these matters to the attention of his counsel, the Court, or the Government."  The district court thus stated it would not vacate or continue Defendant's sentencing proceedings.  It did, however, allow Defendant to fire his counsel because counsel had been retained not appointed.  The court then sentenced Defendant to 660 months imprisonment plus five years supervised release.

Defendant now attempts to reassert his ineffective assistance of counsel claim on direct appeal.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the disposition of Defendant's post-trial motion, but for a different reason, and remand for the district court to vacate its ruling on the merits of Defendant's ineffective assistance of counsel claim so he may assert this claim in a collateral proceeding under 28 U.S.C. § 2255.  Also, because Defendant does not appeal his sentence, we affirm his sentence as well.

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."  United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995).  True, "this court has considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists."  United States v.

2

Flood, 635 F.3d 1255, 1260 (10th Cir. 2011) (emphasis in original).  As we reasoned in Galloway:

> A factual record must be developed in and addressed by the district court in the first instance for effective review. *Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions*, and the district court can render its opinion on the merits of the claim.

Galloway, 56 F.3d at 1240 (emphasis added) (footnote omitted).  In Flood, the defendant filed a post-trial motion to vacate her convictions asserting that she received ineffective assistance of counsel because her trial counsel labored under conflicts of interest.  Flood, 635 F.3d at 1256.  The district court denied the motion to vacate her convictions reasoning (1) the motion was untimely and (2) no conflict existed, and even if a conflict existed, her representation was not adversely impacted.  Id. at 1260.  We affirmed the court's denial of the motion to vacate the defendant's convictions, but not for the same reasons.  Id.  Rather, we concluded the district court should not have considered the merits of the ineffective assistance of counsel claim due to the insufficiency of the record. Id.

Flood controls this appeal.  Defendant here did not assert ineffective assistance of counsel until the start of his sentencing hearing.  Further, as in Flood, the district court reasoned that counsel was not deficient and even if they were, Defendant was not prejudiced.  But Defendant's allegedly deficient counsel was never given the opportunity to explain their reasoning and actions below.  Cf. Galloway, 56 F.3d at 1240.  Therefore,

the factual record on direct appeal is lacking.[1] Accordingly, as in <u>Flood</u>, "We affirm because the district court should not have reached the issue, and not because the district court correctly ruled on the merits of the claim." <u>Flood</u>, 635 F.3d at 1261. Defendant can still bring his ineffective assistance of counsel claim in a collateral proceeding, but he cannot do so on direct appeal.

We therefore AFFIRM the district court's disposition of Defendant's "Motion to Vacate Sentence," which it construed as a motion to terminate his attorney-client relationship, and REMAND for the district court to vacate its ruling on the merits of Defendant's ineffective assistance of counsel claim so that he will not be prejudiced in a collateral proceeding, should he choose to initiate one. Furthermore, because Defendant does not appeal his sentence, his sentence is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[1] Defendant claims his trial transcript, which he included in the record, is rife with evidence supporting his claim that counsel should have raised a voluntary intoxication defense at trial, but the record nowhere shows that his allegedly deficient counsel was given the opportunity to explain their reasoning or actions.