FILED
United States Court of Appeals
Tenth Circuit

July 18, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW DEWAYNE JARAMILLO,

    Defendant - Appellant.

No. 16-1491
(D.C. Nos. 1:15-CV-01886-REB &
1:12-CR-00210-REB-1)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Matthew Dewayne Jaramillo, a federal prisoner, seeks a certificate of appealability

(COA) under 28 U.S.C. § 2253(c)(1) to challenge the district court's dismissal of his 28

U.S.C. § 2255 petition. He also moves to proceed *in forma pauperis* (IFP). We decline to

issue him a COA, deny his IFP motion, and accordingly now dismiss the appeal.

## BACKGROUND

A federal grand jury indicted Jaramillo, an enrolled member of the Ute Mountain

Ute Indian Tribe, for several federal offenses after he shot Wilson Jones on the Ute

Reservation in Southwest Colorado while high on methamphetamine. At trial, Jaramillo's

defense counsel mounted an innocence defense and didn't raise a voluntary-intoxication

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defense. On May 17, 2013, a jury found Jaramillo guilty on five federal offenses: (1) assault with intent to commit murder, in violation of 18 U.S.C. §§ 113(a)(1) and 1153; (2) assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3) and 1153; (3) assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153; (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (5) using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Ten minutes before the sentencing hearing began, Jaramillo fired his retained counsel. At the hearing, Jaramillo filed a "Motion to Vacate Sentence," alleging ineffective assistance of trial counsel, and then proceeded pro se at his sentencing. R. vol. I at 314. The district court denied his motion and sentenced him to 660 months of imprisonment.

Jaramillo filed a direct appeal, alleging only ineffective assistance of counsel. *United States v. Jaramillo*, 568 F. App'x 613, 614 (10th Cir. 2014). Because Jaramillo didn't challenge his sentence, this court affirmed it. *Id.* at 615. But this court did remand with instructions that the district court vacate its ruling on the merits of Jaramillo's ineffective-assistance-of-trial counsel claim so that he wouldn't be prejudiced in a collateral proceeding. *Id.*

On August 31, 2015, Jaramillo filed a § 2255 motion to vacate or set aside his sentence alleging ineffective assistance of counsel, complaining that his trial counsel had failed to raise a voluntary-intoxication defense.[1] Though he apparently attempted to make

---

[1] Jaramillo also asserts that his trial counsel was ineffective "for failing to request a jury instruction regarding voluntary intoxication as a defense to counts 1, 2

2

other claims, the district court couldn't understand what they might be. The district court entered an order directing Jaramillo to file an amended § 2255 motion within thirty days clarifying the amorphous claims, or risk having the court consider only his ineffective-assistance claim. On September 18, 2015, the court received back its order, marked undeliverable. In a later order, the district court determined that because Jaramillo failed to notify the court of his change of address in compliance with Local Rule of Practice 5(c) for the United States District Court for the District of Colorado, it would consider only Jaramillo's ineffective-assistance claim. It then directed the United States Attorney for the District of Colorado to file an answer to Jaramillo's motion.

After the government responded, the district court denied Jaramillo's § 2255 motion on grounds that Jaramillo couldn't show that his counsel had performed deficiently. Specifically, the court determined that trial counsel's decision to pursue an innocence defense, which applied to all of Jaramillo's charges, rather than a voluntary-intoxication defense, which only applied to the two charged specific-intent crimes, was a reasonable trial strategy. The district court also "certifie[d] that any appeal" from its order "would not be taken in good faith" and denied Jaramillo's IFP motion. R. at 565 (citing *Coppedge v. United States*, 369 U.S. 438 (1962)).

On December 19, 2016, Jaramillo filed a pro se notice of appeal, but failed to sign it. Oddly, the notice did bear the signature of an attorney not admitted to practice in the

---

and 7." R. vol. I at 496. Though this failure would certainly matter if his trial counsel had asserted the defense in some fashion, it doesn't matter once counsel decided against that defense. After all, one would never submit an instruction for a defense not made.

United States District Court for the District of Colorado. The clerk of court for the United States Court of Appeals for the Tenth Circuit then instructed Jaramillo that he needed to sign his notice of appeal. On January 27, 2017, Jaramillo did as requested, furnishing a new notice of appeal bearing his signature.

**DISCUSSION**

At the outset, the clerk of court referred to us the question of the adequacy of Jaramillo's notice of appeal, which Jaramillo had initially failed to sign, but soon corrected. A pro se litigant's failure to sign a notice of appeal is a curable, non-jurisdictional defect. *Becker v. Montgomery*, 532 U.S. 757, 760 (2001). Jaramillo timely complied with this requirement when reminded to do so, so we find his notice of appeal adequate.

Next, before he may appeal, Jaramillo must obtain a COA. 28 U.S.C. § 2253(c)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, the relevant legal question is whether Jaramillo received ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984), based on his counsel's not mounting a voluntary-intoxication

4

defense. To prevail, Jaramillo needed to show (1) that his "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and (2) that his counsel's deficient performance prejudiced him, *id.* at 692. If a movant fails to satisfy either prong, his ineffective assistance claim fails. *Id.* at 697.

Voluntary intoxication is a defense to crimes requiring proof of specific intent, not those requiring proof of only general intent. *United States v. Williams*, 403 F.3d 1188, 1194 (10th Cir. 2005) (quoting *United States v. Klein*, 13 F.3d 1182, 1183 (8th Cir. 1994)). Only two of Jaramillo's charges—assault with intent to commit murder and assault with a dangerous weapon—required specific intent. *Compare United States v. Cooper*, 812 F.2d 1283, 1284 (10th Cir. 1987) (recognizing that assault with intent to commit murder is a specific-intent crime), and *United States v. Waupekenay*, 16 F.3d 418, 1994 WL 38673, at *3 (10th Cir. Feb. 7, 1994) (table) (recognizing that assault with a dangerous weapon is a specific-intent crime), *with United States v. Benally*, 146 F.3d 1232, 1237 (10th Cir. 1998) (recognizing that assault resulting in serious bodily injury is a general-intent crime), *Williams*, 403 F.3d at 1194 (recognizing that felon in possession of a firearm is a general-intent crime), and *Dean v. United States*, 556 U.S. 568, 572 (2009) (holding that 18 U.S.C. § 924(c)(1)(A)(iii) doesn't require separate proof of intent).

On the other hand, trial counsel's chosen innocence defense applied to all of Jaramillo's charges. And "[w]here it is shown that a particular decision was, in fact, an adequately informed strategic choice, the presumption that the attorney's decision was objectively reasonable becomes 'virtually unchallengeable.'" *United States v. Nguyen*,

5

413 F.3d 1170, 1181 (10th Cir. 2005) (quoting *Bullock v. Carver*, 297 F.3d 1036, 1047

(10th Cir. 2002)). So the district court's decision isn't debatable and we accordingly deny

Jaramillo a COA.[2]

Like the district court, we conclude that Jaramillo's appeal is frivolous. *McIntosh*

*v. United States Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). We deny his IFP motion.

---

[2] Jaramillo urges us to find that the district court "abused its discretion," Appellant's Opening Br. at 11, and violated Jaramillo's constitutional due process rights "when it denied his *pro se* motion pursuant to 28 U.S.C. § 2255, without appointing counsel or liberally applying local and procedural rules," *id.* at 2. But the district court construed Jaramillo's pleadings liberally, R. vol. I at 557 n.2, gave him a second chance to clarify his claims that didn't assert ineffective assistance of counsel, *id.* at 524–26, and evaluated his ineffective-assistance-of-counsel claim, *id.* at 560. Jaramillo provides no case law holding that enforcing a local rule that requires litigants to notify the court of a change of address within five days amounts to a constitutional due process violation. *See* Appellant's Opening Br. at 9–11. Jaramillo then argues that, in the alternative, we should reverse the district court's denial of his § 2255 motion and remand it to the district court with instructions to appoint him counsel. *See id.* at 11. He supports his argument by citing *United States v. Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999). *Id.* at 11. In that case, this court vacated a district court's denial of a prisoner's § 2255 motion and remanded with instructions to appoint counsel because the district court had ordered an evidentiary hearing. *Leopard*, 170 F.3d at 1015. And "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A[b]." *Id.* (quoting *Swazo v. Wyoming Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994)) (alterations in original). Here, the district court didn't order an evidentiary hearing, and Jaramillo hasn't made an argument as to why the district court would be statutorily compelled to appoint him counsel. So we decline to remand this issue.

**CONCLUSION**

For these reasons, we deny Jaramillo a COA and dismiss this appeal. We also deny his IFP motion.

Entered for the Court


Gregory A. Phillips
Circuit Judge